RODRÍGUEZ, APPELLANT, v. THE REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Ratification of Sale.

No. 240.—Decided July 14, 1915.

PARTNERSHIP—EXPIRATION OF EXTENSION—DISSOLUTION.—According to article 221 of the Code of Commerce, the expiration of the extension of the partnership contract is one of the causes for which commercial associations of all kinds are completely dissolved, and if the members desire to continue in partnership they should enter into a new contract, subject to all the formalities prescribed for its establishment according to the provisions of article 119 of the said code.

ID.—ARTICLES OF PARTNERSHIP—REGISTRATION IN MERCANTILE REGISTRY.—Article 119 of the Code of Commerce prescribes that every commercial association, before beginning business, shall be obliged to record its establishment, agreements and conditions in a public instrument, which shall be presented for record in the mercantile registry, in accordance with the provisions of article 17, additional instruments which modify or alter in any manner the original articles of the association being subject to the same formalities in accordance with article 25, and the partners cannot make private contracts, but all agreements must appear in the articles of association.

ID.—CONTRACTS WITH PARTIES OUTSIDE OF PARTNERSHIP—LIABILITY OF PARTNERS.—The violation of articles 119 and 223 of the Code of Commerce does not exempt from liability the managing partners of the firm as to agreements made by them with persons outside of the partnership, because article 120 of the same code provides that the managers of a partnership who violate the provisions of article 119 shall be held liable jointly to third parties for contracts made by them in behalf of the partnership.

ID.—CONTRACTS—THIRD PARTIES.—Pursuant to the principle laid down, even when a commercial firm is not legally formed, the agreements and contracts made by the partners as such are binding against them and in favor of third parties with whom they contracted.

The facts are stated in the opinion.

*Mr. Manuel Paz Urdaz* for the appellant.

Mr. Felipe Cuchí Arnau, the registrar, appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed before Notary Eduardo Marín Marién in Utuado on March 22 1915, Ramiro Martínez y Santana, as manager of the firm of R. Martínez & Company, ratified the sale of a rural property of twenty-five *cuerdas* of land situated in the ward of Viví Arriba of the said municipality, which he had made sometime before to Manuel Rodríguez y Rodríguez in satisfaction of a debt of $500 previously contracted. Jaime Sureda, as special partner of the said firm, was a party to the deed for the sole purpose, as is stated, of expressing his assent and agreement to the transfer made by the managing partner, Ramiro Martínez, and he consented to and ratified the same.

A copy of the said deed, accompanied by the partnership agreement creating the said mercantile firm of R. Martínez & Company and its extension and by an order of the District Court of the United States for Porto Rico for the cancellation

of certain entries relative to the property of the bankrupts Juan B. Frau and Frau & Company and for allowing admission to record of any transfer of the said property, having been presented in the Registry of Property of Arecibo, the registrar refused to record the same for the reasons stated in the following decision:

"The admission to record of this document is denied for the following reasons: First. The firm of R. Martínez & Company, in whose name Ramiro Martínez Santana appears as managing partner, is not in existence because the term for which it was organized and extended expired on March 31, 1897, and there being no new contract of extension or constitution, none of its members can appear in its name (article 223 of the Code of Commerce). Second. It is not lawful for the former manager of an extinguished partnership to appear even as a liquidator before a notary in order to transact new business with a third party, and the allegation of an alleged debt does not change the character of the firm when the existence, origin or amount of the debt is not proved (article 228 of the Code of Commerce), and these being incurable defects, a cautionary notice has been entered to have legal effect for a period of 120 days, pursuant to the provisions of section 7 of the Act of March 1, 1902."

An appeal was taken from the foregoing decision by the purchaser, Manuel Rodríguez y Rodríguez.

From the articles of partnership and renewal of the firm of Ramiro Martínez & Company it appears that the said partnership was created on June 20, 1891, to begin operations from the first of the said month and for a period of two years, or until May 31, 1893, Ramiro Martínez being the managing partner thereof with authority to sign the firm name of Martínez & Company, and Jaime Sureda being a special partner, and that on May 27, 1893, Ramiro Martínez and Jaime Sureda renewed the partnership for another period of four years, or until May 31, 1897.

As will be seen, the deed whose admission to record has been denied was executed by Ramiro Martínez y Santana as managing partner of the firm of R. Martínez & Company after the expiration of the renewal of the partnership agreed

upon by the partners. That is one of the causes for which commercial associations of all kinds are completely dissolved according to article 221 of the Code of Commerce.

It does not appear that the said commercial firm was further extended and in, that case article 223 of the said code provides that commercial associations shall not be considered as extended by the implied or presumed will of the members after the period for which they were constituted has elapsed; and if the members desire to continue in association they shall draw up new articles, subject to all the formalities prescribed for their establishment, according to the provisions of article 119.

Said article 119 prescribes that every commercial association, before beginning business, shall be obliged to record its establishment, agreements and conditions in a public instrument, which shall be presented for record in the commercial registry, in accordance with the provisions of article 17, additional instruments which modify or alter in any manner the original articles of the association being subject to the same formalities in accordance with article 25, and the partners cannot make private contracts, but all agreements must appear in the articles of association.

In the case of *San Miguel* v. *The Registrar of Property,* 18 P. R. R., 500, we said that the violation of articles 119 and 223 of the Code of Commerce does not exempt from liability the managing partners of the firm as to agreements made by them with persons outside of the partnership, because article 120 of the same code provides that the managers of a partnership who violate the provisions of article 119 shall be held liable jointly to third parties for contracts made by them in behalf of the partnership.

We added then and repeat now that in accordance with the foregoing principle the Supreme Court of Spain, by a decision of December 6, 1887, held that the agreements and contracts made by the partners, as such, of a commercial partnership

not legally formed, are binding against them and in favor of third parties with whom they contracted.

Applying the foregoing doctrine, we are of the opinion that the deed of sale executed by Ramiro Martínez y Santana as managing partner of the firm of R. Martínez & Company in favor of the appellant, Manuel Rodríguez y Rodríguez, is effective in favor of the latter although said partnership did not legally exist because the term for which it was organized and extended had expired. If we should not recognize the validity thereof, the violation of the provisions of the Code of Commerce would favor the firm of R. Martínez & Company and prejudice the rights of the third party who contracted with it.

The contract of bargain and sale under consideration is valid as to the appellant, Manuel Rodríguez y Rodríguez, who is a third party outside of the partnership of R. Martínez & Company.

The decision appealed from should be

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.